OPINION
{¶ 1} On November 25, 2000, City of Newark Police Ray Lewis stopped a vehicle being driven by appellant, Jerry Norris, for weaving and operating a vehicle without rear lights. Appellant exited the vehicle and fled. Officer Lewis chased appellant and apprehended him. Officer Lewis turned appellant over to Officer Michael Trotter. Officer Trotter patted down appellant for weapons and transported him to the police station.
 {¶ 2} During the booking process, Officer Trotter began an inventory of appellant's pockets. Officer Trotter discovered cocaine in a folded piece of aluminum foil, "gum wrapper," inside of appellant's pocket.
 {¶ 3} On November 30, 2000, the Licking County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C.2925.11. A motion to suppress was filed on December 18, 2001. A hearing was held on December 28, 2001. At the conclusion of the hearing, the trial court denied the motion.
 {¶ 4} On April 18, 2002, appellant pled no contest to the charge. By judgment entry filed same date, the trial court found appellant guilty. By judgment entry filed May 29, 2002, the trial court sentenced appellant to nine months in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 6} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE AND ALLOWING THE ILLEGALLY OBTAINED EVIDENCE TO FURTHER THE INSTANT PROSECUTION."
 I {¶ 7} Appellant claims the trial court erred in denying his motion to suppress evidence seized during the search of his person during the booking process. Specifically, appellant claims the opening of a gum wrapper taken from his pocket was done without benefit of a warrant. We disagree.
 {¶ 8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 9} The sole issue raised by appellant is whether the opening of the gum wrapper found in his pocket during the booking process can be done without benefit of a warrant. Appellant concedes the search of his person and belongings during the booking process was a search incident to arrest. However, appellant argues the opening of the gum wrapper without any suspicion of contraband was an unlawful seizure. Appellant argues such an opening must fit within the inventory search exception, and the state must prove it was done in conformity to established police procedures.
 {¶ 10} We find this case to be similar to the opening of a crumbled cigarette package seized from an individual during an arrest, upheld by the United States Supreme Court in United States v. Robinson
(1973), 414 U.S. 218. In Illinois v. Lafayette (1983), 462 U.S. 640,648, the United States Supreme Court stated "we hold that it is not `unreasonable' for police, as part of the routine procedure incident to incarcerating an arrested person, to search any container or article in his possession, in accordance with established inventory procedures."
 {¶ 11} Officer Trotter stated he conducted a pat down search of appellant during the booking process as a precaution in order to transport him to the county jail. T. at 19. Officer Trotter explained this procedure was part of his police training, was required by his department and was conducted in accordance with the department's policy. T. at 20-21. The department's policy had limits, i.e., do not force open a locked item such as a briefcase.[1] T. at 21. We conclude the search of appellant's person and "gum wrapper" was consistent with police policy and met the standards of Robinson.
 {¶ 12} In addition, the item opened was also not an unsuspicious item. Officer Trotter testified he was trained to look for drugs in aluminum foil. T. at 22. He explained that he recognized the bulge in the foil wrapper as suspicious. T. at 23. Officer Trotter asked appellant "what is this — I asked him what's in this." Id. Appellant responded "I don't know. Why don't you find out." Id.
 {¶ 13} Given the fact that the search was incident to appellant's arrest, was done within the guidelines and policies of the police department, the item was of a suspicious nature and appellant gave his consent to open the item, we find no error in the trial court in denying the motion to suppress.
 {¶ 14} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Wise, J. concur.
topic: motion to suppress evidence seized from his pocket during booking process.
[1] The Illinois case cited supra involved the opening of a briefcase.